Robert P. Franke State Bar No. 07371200
Andrew G. Edson State Bar No. 24076364
Audrey L. Leeder State Bar No. 24094369
STRASBURGER & PRICE L.L.P.
901 Main St., Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

and

Scott N. Schreiber Illinois Bar No. 6191042
Candace C. Clark Illinois Bar No. 6321843
CLARK HILL PLC
130 East Randolph Street, Suite 3900
Chicago, Illinois 60601
(312) 985-5900
(312) 985-5999 (Fax)
*Admitted Pro Hac Vice*

ATTORNEYS FOR CATHERINE ROOCK

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

### FORTH WORTH DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 17-43922-RFN-11 |
| | § | |
| H. Melton Ventures, LLC, *et al.*, | § | |
| | § | (JOINTLY ADMINISTERED) |
| Debtors. | § | |
| | § | |
| Catherine Roock, | § | Adversary Case No. |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| Henry James Melton, II, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF A DEBT

Plaintiff, Catherine Roock ("**Roock**"), by and through her counsel, Strasburger & Price, LLP and Clark Hill PLC, and as her *Complaint to Determine Dischargeability of a Debt* against Defendant, Henry James Melton, II ("**Melton**"), pursuant to 11 U.S.C. §§ 523(a)(5), and Rules 4007 and 7001(6) of the Federal Rules of Bankruptcy Procedure, complains and alleges as follows:

## GENERAL ALLEGATIONS

The following General Allegations are included in each of the claims for relief. For the sake of brevity, they are adopted here for application throughout the Complaint, and will not be separately repeated in each Count of the Complaint. Similarly, the allegations contained in each Count of the Complaint are incorporated into all Counts of the Complaint so as to eliminate unnecessary repetition.

## PARTIES, JURISDICTION AND VENUE

1.     Roock is an individual residing in the City of Chicago, located in Cook County, Illinois.

2.     On October 14, 2017 (the "**Petition Date**"), Melton filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), thereby commencing bankruptcy case number 17-44206-rfn11 ("**Melton's Bankruptcy Case**") in the United States Bankruptcy Court for the Northern District of Texas (the "**Court**").

3.     Melton's Bankruptcy Case currently is jointly administered with three other bankruptcy cases under lead case *In re H. Melton Ventures, LLC,* case no. 17-43922-RFN-11 ("**Lead Case**").

4.      On December 6, 2017, the Court entered an agreed order appointing a chapter 11 trustee in Melton's Bankruptcy Case. *See* Lead Case Docket, ECF 80.

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b). This is an action that arises under the Bankruptcy Code and is related to Melton's Bankruptcy Case.

6.      This action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), and (I).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

8.      This action is brought pursuant to 11 U.S.C. §§ 523(a)(5), and Rules 4007(a) & (c) and 7001(6) of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

### A.  Child Support Proceedings in Illinois.

9.      Melton and Roock are the parents of a minor child.

10.     On or about October 28, 2014, in a proceeding relative to the minor child (the **"Parentage Case"**), the Circuit Court of Cook County, Illinois (the **"State Court"**) entered a Supplemental Custody Judgment (the **"Custody Judgment"**), and a corresponding Uniform Order for Support (the **"Support Order"**). True and correct copies of the Custody Judgment and the Support Order are attached hereto as **Exhibits "A"** and **"B,"** respectively.

11.     Pursuant to the Custody Judgment and the Support Order, the State Court ordered Melton to pay Roock, among other obligations, prospective child support in the amount of $25,108.00 per month on the first of each month beginning November 1, 2014 until the minor child reaches the age of emancipation.

12.     Between January 1, 2015 and May 1, 2017, Melton failed to fulfill his child support obligation under the Custody Judgment and Support Order, and thus accrued an arrearage.

-3-

13.     Accordingly, on or about May 11, 2017, Roock filed a Motion for Entry of Child Support Judgment and Memorandum of Judgment in the Parentage Case in State Court to recover such arrearage.

14.     On or about August 18, 2017, the State Court entered an Agreed Order and Judgment against Melton and in favor of Roock in the amount of $373,639.62 (the "**Arrearage Judgment**") for the child support arrearage that accrued between January 1, 2015 and May 1, 2017. A true and correct copy of the Arrearage Judgment is attached hereto as **Exhibit "C."**

15.     Notwithstanding the entry of the Arrearage Judgment, the Custody Judgment and Support Order remain in full force and effect, and Melton remains subject to the obligations set forth therein for the period subsequent to May 1, 2017, including, among other obligations, the on-going monthly child support obligation in the amount of $25,108.00.

16.     As of the Petition Date, the Arrearage Judgment remained unpaid.

17.     Additionally, as of the Petition Date, Melton had accrued a further child support obligation arrearage under the Custody Judgment and Support Order for the period of June 1, 2017 through the Petition Date in the amount of $175,756.00 (the "**Accrued Arrearage**").

18.     The Arrearage Judgment and the Accrued Arrearage together total $549,395.62 (the "**Debt**").

**B.  The Deadline to Object to Discharge.**

19.     Pursuant to Bankruptcy Rule 4007(b), a complaint for determination of the dischargeability of a domestic support obligation may be filed at any time.

20.     Therefore, the instant Complaint is timely filed.

## COUNT I – NON-DISCHARGEABLE CHILD SUPPORT OBLIGATION
### (11 U.S.C. § 523(a)(5))

21.     Roock repeats and realleges each of the Paragraphs of this Complaint as if fully set forth herein.

22.     The order for relief was entered in the Melton's Bankruptcy Case on the date that Melton commenced this case, which date is the Petition Date.

23.     The Arrearage Judgment creating a portion of the Debt owed by Melton to Roock was entered by the State Court in the Parentage Case on August 18, 2017, which date is before the Petition Date and, therefore, accrued before the date of the order for relief in Melton's Bankruptcy Case.

24.     The Support Arrearage creating the remaining portion of the Debt owed by Melton to Roock is the aggregate of five months' unpaid child support due and owing under the Custody Judgment and Support Order on June 1, July 1, August 1, September 1, and October 1, 2017, respectively, which dates are before the Petition Date and, therefore, accrued before the date of the order for relief in Melton's Bankruptcy Case.

25.     The Debt resulting from the Custody Judgment and Support Order, and the Arrearage Judgment is a debt owed to and recoverable by Roock as the mother of Melton's minor child.

26.     The Debt resulting from the Custody Judgment and Support Order, and the Arrearage Judgment is in the nature of child support for the benefit of Melton's minor child.

27.     The Debt was established pursuant to the Custody Judgment and Support Order, and the Arrearage Judgment.

28.     The Debt has not been assigned by Roock to a nongovernmental entity or to any other person for the purpose of collecting the Debt.

9656056.1/SP/49012/0101/011818

29. The Debt is a domestic support obligation within the meaning of section 101(14A) of the Bankruptcy Code.

30. Thus, the Debt in the sum of $549,395.62 as between Melton and Roock is non-dischargeable pursuant to section 523(a)(5) of the Bankruptcy Code.

WHEREFORE, Plaintiff, Roock, respectfully requests:

a. A determination that the Debt owing by Melton to Roock is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5); and

b. Such other relief as this Court deems just and proper.

Dated: January 18, 2018

Respectfully submitted,

*/s/ Robert P. Franke*

Robert P. Franke State Bar No. 07371200
Andrew G. Edson State Bar No. 24076364
Audrey L. Leeder State Bar No. 24094369
STRASBURGER & PRICE L.L.P.
901 Main St., Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Fax)

and

Scott N. Schreiber, Esq. (Admitted Pro Hac Vice)
Candace C. Clark, Esq. (Admitted Pro Hac Vice)
CLARK HILL PLC
130 E. Randolph St., Suite 3900
Chicago, IL 60601
(312) 985-5900
(312) 985-5999 (Fax)

*Attorneys for Catherine Roock*

9656056.1/SP/49012/0101/011818

**EXHIBIT A**

Attorney No. 42030

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

████████████████                )
                                )
                                )
CATHERINE ROOCK,                )
                                )
                Petitioner,     )        ██████████████
                                )
        -and-                   )
                                )
· H. MELTON,                    )
                                )
                Respondent.     )

## SUPPLEMENTAL CUSTODY JUDGMENT

This matter coming on to be heard pursuant to Court Order entered in this matter on October 3, 2014, the Petitioner, CATHERINE ROOCK ("CATHERINE") appearing in person and through her attorneys, LEON I. FINKEL and CRAIG M. MANDELL of BERGER SCHATZ, the Respondent, HENRY MELTON ("HENRY") not appearing and having been held in default, the Court being otherwise duly advised in the premises;

## THE COURT HEREBY FINDS:

I.      **The Parties and the Minor Child; Procedural Posture**

    A.      This Court has jurisdiction over the subject matter herein and the parties hereto.

    B.      CATHERINE filed her Petition to Establish Parentage and for Other Relief ("Petition") on February 6, 2013.

    C.      ███████████████████████████████████████████
████████████████████

    D.      ████████████████████████ HENRY is twenty-eight (28) years old.

#59411

E.    On April 29, 2014, the Court entered an Order which includes the following finding, set forth in paragraph B of the findings section: "That H. Melton has not filed a Response to Catherine's Petition to Establish Parentage and for Other Relief, which was filed on March 12, 2013." In accord with the above finding, the April 29, 2014 Order states, in pertinent part, as follows:

1.    Mr. Melton is hereby held in <u>Default</u> on Catherine's Petition to Establish Parentage and for Other Relief.

2.    This matter is set for default prove-up on <u>June 17, 2014 at 9:30 a.m.</u> without further notice. A default child support hearing will be set on June 17, 2014 for a future court date approximately thirty (30) days thereafter.

F.    HENRY has not filed any motion with the Clerk of the Circuit Court to vacate the finding and order of default against him in the April 29, 2014 Order and has not filed an appearance.

G.    On June 17, 2014, the Court entered a Custody Judgment in this matter. The Custody Judgment is incorporated by reference only as **Exhibit "A"**.

H.    Pursuant to the Custody Judgment, CATHERINE was granted the sole care, custody, control and education of P.C.M.R.

I.    CATHERINE is currently a resident of Chicago, Illinois. P.C.M.R. resides with her on a full time basis.

J.    HENRY currently resides in Dallas, Texas. HENRY sees P.C.M.R. on an infrequent basis in Chicago and in Dallas.

K.    On August 15, 2014, the Court presided over a default hearing on all support-related aspects of CATHERINE's Petition. On October 3, 2014, the Court issued its oral rulings,

and entered an Order continuing this matter to this date for entry of a Supplemental Custody Judgment.

**II.** **The Parties' Income and Determination of Guideline Child Support**

       L. ████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

       M. As of P.C.M.R.'s birth date, HENRY was employed as a professional football player with the Chicago Bears of the National Football League ("NFL"). HENRY's employment with the Chicago Bears continued from December 2012 until February 2014.

        1. In 2012, HENRY received gross annual income of $605,862 from his employment with the Chicago Bears. It is unknown whether HENRY received income from any other source other than his primary employment with the Chicago Bears in 2012.

        2. In 2013, HENRY received gross annual income of $8,198,807 from his employment with the Chicago Bears. It is unknown whether HENRY received income from any other source than his primary employment with the Chicago Bears in 2013.

        3. From January 1, 2014 to February 28, 2014, HENRY received approximately $4,600 in gross income from his employment with the Chicago Bears.

       N. On March 19, 2014, HENRY entered into an employment contract ("Contract") with the Dallas Cowboys Football Club of the NFL ("Dallas Cowboys"). The Contract's duration covers four (4) football seasons, beginning March 1, 2014 through February 28, 2018. Pursuant to the Contract:

*#659559*                            **Page 3 of 15**

1. For the 2014 season, HENRY will receive $1,250,000 in gross income as and for base compensation from his employment with the Dallas Cowboys.

2. For the 2015 season, if the Dallas Cowboys exercises its option to retain HENRY pursuant to the Contract, HENRY will receive $9,000,000 in gross income as and for base compensation from his employment with the Dallas Cowboys.

3. For the 2016 season, if the Dallas Cowboys exercises its option to retain HENRY pursuant to the Contract, HENRY will receive $7,500,000 in gross income as and for base compensation from his employment with the Dallas Cowboys.

4. For the 2017 season, if the Dallas Cowboys exercises its option to retain HENRY pursuant to the Contract, HENRY will receive $7,500,000 in gross income as and for base compensation from his employment with the Dallas Cowboys.

O.　Pursuant to the Contract and its Addendums, in addition to his base salary for 2014, HENRY received a signing bonus of $1,000,000 on March 23, 2014.

P.　Pursuant to the Contract and its Addendums, during the 2014 football season, HENRY has opportunities to earn income in excess of his gross base salary as set forth above in the form of performance bonuses. HENRY earns an additional $78,125 for each game in which he is listed on the "active roster" of the Dallas Cowboys up to a maximum of $1,250,000 for the 2014 season. HENRY also may earn up to an additional $750,000 in gross income based on the amount of defensive plays in which he participates during the season. Also for 2014, HENRY may earn up to an additional $750,000 as a "sack incentive" based on the number of plays in which he is successful over the course of the season.

Q.　With his base salary, signing bonus, and other available bonuses from the Dallas Cowboys set forth above, HENRY may thereby earn up to $5,000,000 in gross income during

the 2014 season of which $2,250,000 is guaranteed. Records produced by the Dallas Cowboys and admitted into evidence indicate that HENRY received approximately $1,010,900 in gross income from the Dallas Cowboys through June 2014 which includes the signing bonus referenced above.

R.      HENRY's 2012 net annual income from his employment with the Chicago Bears was $392,139 or $32,678.25 monthly. **Guideline child support for one (1) minor child at 20% net pursuant to 750 ILCS 5/505 is $5,050.10 per month.**

S.      HENRY's 2013 net annual income from his employment with the Chicago Bears was $4,799,363 or $399,946.92 monthly. **Guideline child support for one (1) minor child at 20% net pursuant to 750 ILCS 5/505 is $82,662.00 per month.**

T.      Based on HENRY's base salary and signing bonus pursuant to the Contract, HENRY's net income for 2014 will be $1,346,080 *minimum* (or $2,942,455 *maximum*). **Based on the minimum compensation HENRY will receive in 2014, guideline child support for one (1) minor child at 20% net pursuant to 750 ILCS 5/505 is $25,108.00 per month.**

U.      During the period HENRY was living in Chicago, he resided in a luxury condominium building situated on the bank of the Chicago River in the River North neighborhood. HENRY purchased a new Maserati automobile during the pendency of this matter and had use of a luxurious yacht which was moored in Lake Michigan.

V.      When HENRY moved to Dallas to accept his position with the Dallas Cowboys, he purchased a new Mercedes G Class SUV. Once HENRY relocated, he took up residence at the W Hotel in Dallas, Texas where he has lived for several months. HENRY reported to CATHERINE that he has given substantial gifts of cash and property to his family members. HENRY purchased a new Tesla vehicle for his mother in the last 1-2 years. HENRY has an

extensive designer watch collection which is believed to have significant value. HENRY has provided no records of his income from any source, and specifically none relating to this business interests or income therefrom.

### III.   Needs of the Child

W.   ███████████████████████████████████████████

███████████████████████████████████

2.   HENRY does not live in Illinois and does not participate in the child's day-to-day care. CATHERINE is responsible for P.C.M.R.'s care 100% of the time P.C.M.R. is not in daycare.

3.   ███████████████████████████████████████████

███████████████████████████████████

4.   ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████

5.   ███████████████████████████████████████████

███████████████████████████████████████████

███████████████

6. 

7.

8.

X.    The Court has considered all the relevant factors of section 505 of the Illinois Marriage and Dissolution of Marriage Act ("IMDMA") (750 ILCS 5/505) as directed pursuant to section 14 of the Illinois Parentage Act of 1984 (750 ILCS 45/14). CATHERINE has provided the Court with *In re Keon C.*, 344 Ill.App.3d 1137 (4th Dist. 2003), which the Court has also considered in rendering its Judgment. The Court has further considered the lifestyle the minor child would have enjoyed had her parents not separated; specifically noting the Fourth District Appellate Court's statement in *Keon C.*: "A child is not expected to have to live at a minimal level of comfort while the noncustodial parent is living a life of luxury." *Id* at 1142. If CATHERINE and HENRY were living together, they would have been enjoying a higher

standard of living, and the family's monthly expenses would have been higher.  See *Id* at 1143 quoting *In re Marriage of Ackerly*, 333 Ill.App.3d 382, 395-96 (2000).

## IV.    Payments / Claims for Retroactivity

Y.    ████████████████████████████████████████████

██████, HENRY paid CATHERINE the amount of $11,000 for P.C.M.R.'s support.

Z.    Pursuant to the parties' Temporary Support Agreement, CATHERINE has waived all claims for retroactivity for the period beginning July 1, 2013 to April 20, 2014.

AA.    For the period beginning the date of the Notice of Motion of CATHERINE's Emergency Petition for Temporary Child Support and Other Relief – April 21, 2014 to the present date - CATHERINE has *not* waived any claims for retroactivity.  During the pendency of CATHERINE's Emergency Petition, HENRY paid support to CATHERINE as follows:

1.  April 2014:       $0.00

2.  May 2014:        $4,925.00

3.  June 2014:       $3,500.00

4.  July 2014:       $4,000.00

5.  August 2014:     $4,500.00

6.  September 2014:  $4,500.00

7.  October 2014:    $4,500.00

The total of the above amounts is $25,925.

BB.    **Outstanding Amounts Under Temporary Support Agreement**

1.  In the parties' Temporary Support Agreement dated November 2013, HENRY agreed to make the following payments which have not yet been paid:

i.    ;



     iii. $1,000 as a furniture allowance for P.C.M.R. to be paid to CATHERINE.

**CC.**   **CATHERINE'S Petition for Contribution to Attorneys' Fees and Costs.**

    1. Section 17 of the Parentage Act of 1984 (750 ILCS 45/17) authorizes the trial court to order respondent to pay some or all of the petitioner's attorney fees and costs after considering the factors specified in section 508 of the IMDMA (750 ILCS 5/508). *Keon C*, 344 Ill.App.3d at 1146.

    2. The Court has reviewed Berger Schatz' Petition for Contribution to Attorneys' Fees and Costs, the Engagement Agreement executed by CATHERINE, and the invoices of CATHERINE's attorneys. The Court finds CATHERINE's attorney

fees were necessarily and reasonably incurred. CATHERINE has a very limited ability to pay her attorneys' fees and costs without undermining her economic stability; and HENRY has a greater ability to pay CATHERINE's attorneys' fees and costs.

BASED ON THE EVIDENCE ADDUCED AT THIS DEFAULT HEARING, INCLUDING BUT NOT LIMITED TO THE TESTIMONY OF THE PETITIONER, IT IS HEREBY ORDERED:

    A.    **Prospective Child Support.**  Beginning November 1, 2014, HENRY shall pay the sum of $25,108.00 per month as child support for the benefit of P.C.M.R. HENRY's payment to CATHERINE shall be made on the first (1st) day of the month, every month, until P.C.M.R.'s emancipation.

    B.    **Arrearages and Credits.**

        a.  The following arrearage calculations are based on CATHERINE's spreadsheet demonstrative exhibit which is attached hereto as **Exhibit "B"**. The figures for child support set forth on the spreadsheet are drawn from child support calculations and reports from the FIN Plan software which were presented to the Court at hearing. The Court finds that no judgment interest has been factored into the calculations in the spreadsheet.

        b.  For the period beginning December 2012 to June 30, 2013, HENRY owes CATHERINE the amount of $155,648.00 for retroactive child support. HENRY is entitled to a credit of $11,000 towards the above amount. After applying said credit, judgment is entered for retroactive support for the above-referenced period in the amount of $144,698.10.

    c.   CATHERINE shall not receive retroactive child support for the period beginning July 1, 2013 through April 20, 2014, as she has waived her right to the same pursuant to the parties' Temporary Support Agreement.

    d.   For the period beginning April 21, 2014 to October 31, 2014, HENRY owes CATHERINE the amount of $158,180.40 for retroactive child support. HENRY is entitled to a credit of $25,925 towards the above amount. After applying said credit, judgment is entered for retroactive support for the above-referenced period in the amount of $132,255.40.

    e.   HENRY shall pay the total arrearages set forth in subparagraphs "a" and "d" ($144,689.10 + $132,255.40 = $276,953.50) to CATHERINE within ninety (90) days of entry of this Supplemental Custody Judgment as follows:

        i.   Payment of $92,317.83 on or before November 30, 2014;

        ii.   Payment of $92,317.83 on or before December 31, 2014; and

        iii.   Payment of $92,317.84 on or before January 31, 2014.

    C.    **Notice to Withhold to be Issued; Payments Through State Disbursement Unit.** HENRY's prospective child support payments to CATHERINE set forth in paragraph "A" and the payoff of the arrearage set forth in paragraph "B", subparagraph "e", shall be made pursuant to a Uniform Order of Support and Notice to Withhold Income for Support through the Illinois State Disbursement Unit.

    D.    **Emancipation/Termination.** For purposes of this Judgment, the term "emancipation" shall be defined as the occurrence of the first of the following events:

    a.   The child's completion of the child's high school education or attaining the age of 18, whichever is later to occur but in no event past age 19;

b. The child's otherwise becoming emancipated; or as found by a court of competent jurisdiction.

E.    **Dependency Exemptions.**  For purposes of Federal and State income taxation for the tax year 2014 and thereafter, CATHERINE shall have the sole right to claim the child as a dependent.

F.    **Daycare.**  CATHERINE's request for HENRY to be ordered to contribute to P.C.M.R.'s prospective daycare expenses is denied.  HENRY shall not be required to make prospective contributions at this time based on the child support awarded to CATHERINE pursuant to this Judgment.

G.    **Medical Insurance for P.C.M.R.**  CATHERINE shall continue to maintain P.C.M.R. on her major medical and dental insurance policies through her employment. CATHERINE shall pay the cost of P.C.M.R.'s health insurance premiums from her income and child support awarded to her pursuant to this Judgment.  CATHERINE's request for HENRY to be ordered to contribute to the cost of P.C.M.R.'s prospective health insurance premiums is denied at this time.

H.    **Uncovered Medical.**  To the extent that P.C.M.R.'s medical expenses are not paid by insurance, beginning this date through P.C.M.R.'s emancipation as defined in this Supplemental Judgment, from her income and child support awarded to her pursuant to this Judgment, CATHERINE shall pay 100% of the cost for all ordinary and extraordinary medical expenses not covered by insurance and incurred on behalf of the P.C.M.R.  HENRY shall not be required to make prospective contributions at this time based on the child support awarded to CATHERINE pursuant to this Judgment.  Relative to medical bills outstanding as of the date of

this Judgment and reimbursements due to CATHERINE pursuant to the Temporary Support Agreement:

      a.  HENRY shall pay $1,641.97 to ███████████████ within thirty (30) days of the entry of this Supplemental Custody Judgment.

      b.  HENRY shall pay $64.00 to CATHERINE as and for reimbursement of amounts advanced by CATHERINE t███████████ which were HENRY's responsibility pursuant to the Temporary Support Agreement, within thirty (30) days of the entry of this Supplemental Custody Judgment.

      c.  HENRY shall pay $304.86 to CATHERINE as and for reimbursement of amounts advanced by CATHERINE t████████████████ ████████████, which are HENRY's responsibility pursuant to the Temporary Support Agreement, within thirty (30) days of the entry of this Supplemental Custody Judgment.

      d.  HENRY shall pay $148.27 ██████████████████ ███████████ within thirty (30) days of the entry of this Supplemental Custody Judgment.

      e.  HENRY shall pay $30.00 to ███████████████ within thirty (30) days of the entry of this Supplemental Custody Judgment.

    I.    **Furniture Allowance.** HENRY shall pay CATHERINE $1,000.00 within thirty (30) days, which represents HENRY's unpaid furniture allowance obligation under the Temporary Support Agreement.

    J.    **Life Insurance for the Benefit of P.C.M.R.** HENRY shall maintain a life insurance policy with unencumbered death benefits of no less than $2,500,000 for the benefit of

P.C.M.R. and HENRY shall be solely responsible for the premium of his individual policy. HENRY shall designate CATHERINE as the beneficiary of his insurance policy for the benefit of P.C.M.R. and CATHERINE shall use the any proceeds therefrom the benefit of P.C.M.R. HENRY shall maintain the life insurance required by this paragraph at least until P.C.M.R.'s emancipation as pursuant to this Supplemental Custody Judgment; provided however, that if the child attends a college, university or advanced educational institution following graduation from high school, HENRY shall maintain the insurance until termination of his obligation if any, to contribute to the child's advanced educational expenses.  Within thirty (30) days, HENRY will provide CATHERINE with a copy of the insurance policy and will also provide proof that he is otherwise in compliance with the terms and provisions of this paragraph, that the policy is effective and the premiums have been paid.  Upon CATHERINE's request, HENRY shall sign a consent allowing the CATHERINE to retrieve information directly from the insurance company in order to verify: (1) the benefits in effect (face value of insurance and whether premiums have been timely paid); (2) the beneficiary designation; and/or (3) information regarding any loans or other encumbrances (or lack thereof) associated with the policy for as long as he is required to maintain the policy.

K.      **Attorneys' Fees.**  As of this date, CATHERINE has an outstanding balance with her attorneys, BERGER SCHATZ, in the amount of $25,344.15.  CATHERINE is awarded $19,008.11 from HENRY as and for contribution to her attorney fees and costs incurred in connection with these proceedings.  Said amount represents seventy-five percent (75%) of CATHERINE's outstanding attorney fees as of this date.  CATHERINE shall be responsible for the balance of her fees owed to BERGER SCHATZ through this date.  Judgment is hereby entered against HENRY and in favor of BERGER SCHATZ in the full amount listed above.

HENRY shall pay the above amount to BERGER SCHATZ 161 N. Clark Street, Suite 2800, Chicago, Illinois 60601 within thirty (30) days.

L. **Trust Pursuant to 503(g).** The issue of whether the Court will establish a support trust for P.C.M.R.'s benefit is hereby reserved for future adjudication upon the filing of a petition by CATHERINE to resolve the same with a court of competent jurisdiction and provision of due notice to HENRY.

M. **Educational Expenses.** The issue of HENRY's contribution to P.C.M.R.'s future educational expenses is hereby reserved for future adjudication upon the filing of a petition by CATHERINE to resolve the same with a court of competent jurisdiction and provision of due notice to HENRY.

N. This matter is off call.

ENTER:

Judge Jean M. Cocozza

OCT 28 2014

_____
JUDGE
Circuit Court – 2092

Berger Schatz
Attorney No. 42030
161 North Clark Street – Suite 2800
Chicago, Illinois 60601
(312) 782-3456 Telephone
(312) 782-8463 Facsimile
Attorneys for CATHERINE ROOCK

#659559                    Page 15 of 15

In re the Parentage of P.M.C.R.
Catherine Roock, Petitioner
Henry Melton, Respondent

| | | |
|---|---|---|
| ** | P.C.M.R. Date of Birth | 12/XX/2012 |
| ** | Parentage Petition Date of Filing | 2/6/2013 |



EXHIBIT B

| # | Month - Year | H.M. Gross Income | | H.M. Net Income | | Guideline CS | Prorated | Days | Due Under Guideline | Arrearage |
|---|---|---|---|---|---|---|---|---|---|---|
| | | Annual | Monthly | Annual | Monthly | | | | | |
| 1 | Dec-12 | $ 605,862.14 | $ 50,488.51 | $392,139 | $ 32,678.25 | $ 9,209.00 | Yes | 17 | $ 5,050.10 | $ 5,050.10 |
| | 2012 Subtotal | | | | | | | | $ 5,050.10 | $ 5,050.10 |
| 2 | Jan-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | $ 25,108.00 |
| 3 | Feb-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | $ 25,108.00 |
| 4 | Mar-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | $ 25,108.00 |
| 5 | Apr-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | $ 25,108.00 |
| 6 | May-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | $ 25,108.00 |
| 7 | Jun-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | $ 25,108.00 |
| 8 | Jul-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | |
| 9 | Aug-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | Waived |
| 10 | Sep-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | Retroactivity |
| 11 | Oct-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | Per |
| 12 | Nov-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | Temporary Support |
| 13 | Dec-13 | $ 8,198,807.98 | $ 683,234.00 | $ 4,799,363.00 | $ 399,946.92 | $ 82,662.00 | No | - | $ 82,662.00 | Agreement |
| | 2013 Subtotal | | | | | | | | $ 991,944.00 | $ 150,648.00 |
| 14 | Jan-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | Waived |
| 15 | Feb-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | Retroactivity |
| 16 | Mar-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | Per TSA |
| 17 | Apr-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | Yes | 9 | $ 7,532.40 | $ 7,532.40 |
| 18 | May-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | $ 25,108.00 |
| 19 | Jun-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | $ 25,108.00 |
| 20 | Jul-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | $ 25,108.00 |
| 21 | Aug-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | $ 25,108.00 |
| 22 | Sep-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | $ 25,108.00 |
| 23 | Oct-14 | $ 2,250,000.00 | $ 187,500.00 | $ 1,346,080.00 | $ 112,173.33 | $ 25,108.00 | No | - | $ 25,108.00 | $ 25,108.00 |
| | 2014 YTD Subtotal* | | | | | | | | $ 183,288.40 | $ 158,180.40 |
| | | | | | | | | Total Guideline | $ 1,180,282.50 | $ 313,878.50 |

*Based on YTD Income Only. Per Henry's contract with the Cowboys:
- In Henry's First Season with the Cowboys, is base salary is $1,250,000 with the potential to make approximately $5 million
- Henry received a $1,000,000 filing bonus in March 2014
- Second season base salary is $9,000,000 not including bonuses
- Third season base salary is $7,500,000 not including bonuses
- Fourth season base salary is $7,500,000 not including bonuses
- Henry's current contract with the Cowboys has significant potential for bonuses.

| RECAP | | |
|---|---|---|
| Period 1: December 2012 to June 2013: | $ | 155,698.10 |
| Less Credit | $ | (11,000.00) |
| Net Period 1 | $ | 144,698.10 |
| Period 2: April 2014 to October 2014 | $ | 158,180.40 |
| Less Credit | $ | (25,925.00) |
| Net Period 2 | $ | 132,255.40 |
| Total Arrearage | $ | 276,953.50 |

**EXHIBIT B**

| | | | | |
|---|---|---|---|---|
| 4217 | – | Costinsurance - Allowed | 4435 – | Order on Motion to Provide Medical Insurance - Allowed |
| 4250 | – | Order, Plaintiff, Defendant or Witness to Appear - Allowed | 4512 – | Order Arrearage Set (amount needed) - Allowed |
| 4253 | – | Produce Exhibits or other Records or Documents or Person - Allowed | 4567 – | Order For Child Support - Allowed |
| 4284 | – | Strike or Withdraw Motion or Petition - Allowed | 4568 – | Order Temporary Maintenance - Allowed |
| 4312 | – | Finding of Delinquency - Allowed | 4600 – | Order Support Payments Made Direct to Petitioner |
| 4324 | – | Child Support Order Above Statutory Guidelines - Allowed | 4601 – | Order Support Payments Made Direct to C.C.C./S.D.U. - Allowed |
| 4325 | – | Child Support Order Below Statutory Guidelines - Allowed | 4604 – | Order Support Payments Made Direct to Respondent - Allowed |
| 4386 | – | Order to Pay Fees - Allowed | | |

(Rev. 12/21/13) CCDR 0107 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

PAGE 1 OF 6

### UNIFORM ORDER FOR SUPPORT
☑ Initial Order ☐ Modification ☐ Enforcement

CATHERINE ROOCK

Petitioner / ☑ Obligee ☐ Obligor

Docket No. ▉▉▉▉

*Judge Jean M. Cocozza*

IV D-No. C _____

H. MELTON

*OCT 08 2014*

Calendar No. 94

Respondent / ☐ Obligee ☑ Obligor

*Circuit Court - 2092*

☐ Illinois Department of Public Aid is, or has been, granted leave to intervene.

**Definitions:** *Obligor* - An individual who owes a duty to make support payments pursuant to an order for support
*Obligee* - An individual to whom a duty of support is owed or the individual's legal representative
*Payor* - Any payor of income to an obligor
*Unallocated Support* - A total amount for maintenance and child support and not a specific amount for either

**THIS MATTER coming to be heard on Petition for** ☐ Rule and/or ☐ Modification ☑ Support ☐ Judgment
**The Court Finds:**

The Court has jurisdiction of the parties and the subject matter and that due notice was given by Petitioner, Catherine Roock on February 14, 2013

☑ a) The net income of the Obligor is $ 1,349,080.00 (base compensation only) per year _____.

☐ b) The amount of arrearage/judgment as of the date of this order is $ _____ for child support and
$ _____ for maintenance or unallocated support as follows: $ _____ to Obligee,
$ _____ to the Illinois Department of Public Aid, and/or $ _____ to the Petitioning
State of _____.

☐ c) The amount of child support cannot be expressed exclusively as a dollar amount because all or a portion of the Obligor's net income is uncertain as to source, time of payment, or amount.

☑ d) Retroactive child support is $ 276,953.50 from ▉▉▉▉ to October 31, 2014

The ☑ Obligee ☑ Obligee's Attorney ☐ Obligor ☐ Obligor's Attorney ☐ Assistant State's Attorney, being present
☐ This matter being an Interstate Case, ☐ Voluntary Acknowledgment of Paternity was signed on _____.

**It is Ordered:** ☑ After hearing ☐ By agreement of the parties ☑ By default that:
HENRY MELTON _____, Obligor, is to provide:

---

☐ **MAINTENANCE** (Do not complete this section if Unallocated Support is ordered.)

**Payment Amount:**
Current Maintenance: $ _____
Arrearage Payment: $ _____

**Payment Frequency:**
☐ every week ☐ every other week
☐ monthly
☐ twice each month on _____ & _____
☐ other _____ (date)

Payments Begin: _____ (date)

---

☑ **CHILD SUPPORT** OR ☐ **UNALLOCATED SUPPORT**

**Payment Amount:**
Current Child Support Payment or
Unallocated Support Payment: $ 25,108.00
Arrearage/Retroactive Payment: $ 92,317.84 (*for three months)
Other Payment $ _____
Payments Begin: November 1, 2014 (date)
Judgment in the amount of $ 276,953.50
is entered against the Obligor on the arrears.
Interest $ _____

**Payment Frequency:**
☐ every week
☐ every other week
☑ monthly
☐ twice each month on _____ & _____
☐ other _____ (date)

---

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 12/21/13) CCDR 0107 B

☐ **PERCENTAGE AMOUNT OF CHILD SUPPORT (Complete this section only if finding (c) is checked above.)**

In addition to the specific dollar amount of support ordered above, current child support shall be paid in the amount of _____ % of Obligor's _____ payable _____.
The Obligor is further ordered to provide income records sufficient to determine and enforce the percentage amount of child support *within 7 days* of receipt of income subject to this percentage assessment, to the ☐ Obligee and ☐ Clerk of the Court.

☐ **ADDITIONAL CONDITIONS OR FINDINGS**

    ☐ Child Support payment amount deviates from the amount required by statutory minimum guidelines.  The amount of support that would have been required under the guidelines is $ _____.

        Reasons for deviation: _____

        _____

        _____

        _____

    ☐ Child Support is based on the needs of the child.

The Child/ren covered by this Order is/are (Use initials only):

| | |
|---|---|
| P.C.M.R. | Year of Birth: ▓▓▓ |
| _____ | Year of Birth: _____ |
| _____ | Year of Birth: _____ |
| _____ | Year of Birth: _____ |
| _____ | Year of Birth: _____ |
| _____ | Year of Birth: _____ |

☑ A Notice of Personal Identity Information within Court Filing form (CCG 0502) has been filed under seal, containing the full name(s) and date(s) of birth of the minor(s).

☒ **PAYMENT ARRANGEMENTS**

<table>
<tr><td rowspan="3">C H E C K<br>O N L Y<br>O N E</td><td>☑ <em>(Payments must be sent to the STATE DISBURSEMENT UNIT if this box is checked.)</em><br><br>A Notice to Withhold Income shall be issued immediately and shall be served on the employer at the address listed in this Order.  Payments shall be made payable to the State Disbursement Unit and sent to the State Disbursement Unit at P. O. Box 5400, Carol Stream, IL 60197-5400.  Payments must include CASE NUMBER, COUNTY of the Court issuing this Order, and Obligor's name and social security number.  Any subsequent employer may be served with a Notice to Withhold Income without further order of the Court.</td></tr>
<tr><td>☐ The parties have entered into a written agreement providing for an alternative arrangement for the payment of support that is approved by the Court and attached to this Order, meeting all requirements of, and consistent with, applicable law.  An income withholding notice is to be prepared and served only if the Obligor becomes delinquent in paying the order of support.  Payments shall be made in accordance with the written agreement of the parties attached hereto.  In the event the income withholding notice is served, payments shall be made to the State Disbursement Unit as set forth above.</td></tr>
</table>

4386   ☒ In addition to and separate from amounts ordered to be paid as maintenance or child support, the Obligor shall pay a $36 per year Separate Maintenance and Child Support Collection Fee.  This sum shall be paid directly to the Clerk of the Circuit Court of Cook County, at 28 N. Clark St. Room 200, Chicago, IL 60602, and *not* to the State Disbursement Unit.

    Docket No. ▓▓▓▓▓▓▓▓_____          IV D–No. _____

                 **DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

(Rev. 12/21/13) CCDR 0107 C

☒ **DELINQUENCY**

If the Obligor becomes delinquent in the payment of support after the entry of this Order for Support, the Obligor must pay, in addition to the current support obligation, the sum of (a) $ _____ for delinquent child support per the payment frequency ordered above for child support, and (b) $ _____ for delinquent maintenance or unallocated support per the payment frequency ordered above for maintenance or unallocated support, until the delinquency is paid in full. (This additional amount, the total of (a) and (b), shall not be less than 20 percent of the total of the current support amount and the amount to be paid for payment of any arrearage stated in the Order for Support.) A support obligation, or any portion of a support obligation which becomes due and remains unpaid for 30 days or more, shall accrue interest at the rate of 9% per annum.

☒ **TERMINATION**

This Obligation to pay child support terminates on ████████  ████████  ████████ _____ unless modified by written order of the Court or unless the child will not graduate from high school until after attaining the age of 18, then the termination date shall be the earlier of the child's high school graduation or the date on which the child will attain the age of 19. This termination date does not apply to any arrearage that may remain unpaid on that date.

☒ **ARREARS PAYMENT**

If any arrears or past due support is owed upon termination, the amount being paid immediately preceding termination, including any current support payment, arrearage payment and/or any delinquency, will continue to be collected as an obligation, not as current support, but as a periodic payment toward satisfaction of the unpaid support. All past due support obligations are still subject to any other special collection methods available to the Illinois Department of Public Aid (such as tax refund offsets and bank liens), as provided by law.

☑ **MEDICAL INSURANCE**

The ☐ Obligor, ☑ Obligee, ☐ Obligor *and* Obligee, shall provide health insurance for the child(ren): ☑ as provided in previous order entered on October 28, 2014 _____ ; ☐ enrolling them in any health insurance coverage available through the ☐ Obligor's, ☑ Obligee's, ☐ Obligor's *and* Obligee's, employment or ☐ securing a private health insurance policy, accepted by the Obligor and Obligee or approved by the Court, which names the child(ren) as beneficiary. The Obligor shall provide to the Obligee a copy of the insurance policy and the insurance card within *45 days*. The employer or labor union or trade union shall disclose information concerning dependent coverage plans whether or not a court order for medical support has been entered. 750 ILCS 5/505.2.

☑ The Obligor is liable for 0 _____ % of medical expenses incurred by the minor child(ren) and not covered by insurance.

4284 ☐ The issue of medical insurance is withdrawn.

*It is further ordered that* (except when the Court finds that the physical, mental or emotional health of a party or that of a minor child, or both, would be seriously endangered by disclosure of the party's address):

The Obligor shall give written notice to the Clerk of the Court, and *if* a party is receiving child and spouse services under Article X of the Illinois Public Aid Code, to the Department of Public Aid, *within 7 days*, of:

- any new residential, mailing address or telephone number;
- the name, address and phone number of any new employer, and;
- the policy name and identifying number(s) of health insurance coverage available.

The Obligor shall submit a written report of termination of employment and of new employment, including name and address of the new employer, to the Clerk of the Court and the Obligee *within 10 days*. Obligor and Obligee shall advise each other of a change of residence *within 5 days* except when the Court finds that the physical, mental or emotional health of a party or that of a minor child, or both, would be seriously endangered by disclosure of the party's address. An Obligee receiving payments through income withholding shall notify the Clerk of the Court and the State Disbursement Unit *within 7 days*, of change in residence. The Obligor and Obligee shall report to the Clerk of the Court any change of information included in the Child Support Data Sheet (Exhibit 1) *within 5 business days* of such a change.

☐ **UNEMPLOYMENT:**

☐ Respondent is unemployed and is ordered to seek employment. The Respondent must report periodically to the court with a diary listing the name, address, telephone number and contact person of each employer with which he or she has sought employment.

Docket No. ████████ _____          IV D-No. _____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

☐ Respondent is ordered to report to the Department of Employment Security for job search services or to complete an application with the local Job Training Partnership Act provider for participation in job search, training or work programs.

☐ Respondent is unemployed and is ordered to put forth a diligent effort to obtain employment and to cooperate with all instructions of the Illinois Department of Public Aid. The Respondent is ordered to report immediately to the Illinois Department of Public Aid's Non-Custodial Parent Services Unit, R. J. Daley Center, 50 W. Washington St., CL-24, Chicago, Illinois for assessment and assignment into the court monitored Job Search program or Earnfare program. *Upon finding employment, the Respondent shall notify IDPA in writing at R. J. Daley Center, 50 W. Washington St., CL-24, Chicago, Illinois 60602, within seven days.* The Respondent must submit the name and address of the employer, the start date, and the rate of pay to the IDPA Non-Custodial Parent Services Unit. The Respondent's failure to comply with the requirements of this order may result in the State's Attorney seeking a contempt of court order. (Note: Earnfare requires a $50.00 minimum support order.)

☐ *GENETIC TEST REIMBURSEMENT:* Obligor shall pay $ _____ to the Illinois Department of Public Aid (IDPA) for a genetic test reimbursement. Payments must be made in lump sum or installments by personal check or money order payable to Illinois Department of Public Aid and either mailed to: Illinois Department of Public Aid, Title IV-D Accounting Unit, P.O. Box 19138, Springfield, IL 62705-9138, or conveyed as otherwise directed by the Court. Payment must include IV-D number as shown on this Order.

This Order does not preclude the Illinois Department of Public Aid from collecting any arrearage established by or which may accrue under this Order for Support by use of the offset provisions of Section 6402(c) of the Internal Revenue Code of 1954, and 15 ILCS 405/10.05(a) as amended. Such arrearge shall be considered as "past due" or "due and payable" within the meaning of said statutory provisions. This order does not preclude the placing of a lien on real and personal assets or initiating a proceeding for garnishment, attachment of sequestration pursuant to law and the Code of Civil Procedure.

This order of support supercedes any and all prior orders of support under this case number.

☑ Other: See Supplemental Custody Judgment entered this date for all findings, rulings, and judgments in connection with this Uniform Order of Support.

_____

_____

_____

_____

_____

_____

☐ This cause is continued for _____ to _____,

at _____ m. ☐ without further notice ☐ without further notice to Petitioner

☐ without further notice to Respondent.

*FAILURE TO APPEAR MAY RESULT IN ENTRY OF A DEFAULT JUDGMENT.*

☐ FOR EXPEDITED CHILD SUPPORT CASES ONLY:

NOTICE OF RIGHT TO REQUEST A JUDICIAL HEARING: You have a right to request a Judicial Hearing. If either party does not agree to the recommended Order or any part thereof, this case will be transferred for an immediate Judicial Hearing.

Docket No. 1▇▇▇▇▇▇▇▇          IV D-No. _____

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(Rev. 12/21/13) CCDR 0107 E

PAGE 5 OF 6

This order may be vacated or amended within 30 days of its entry. This order is not valid until signed by a judge.

So recommended to this Court by the Hearing Officer this _____ day of _____, _____

_____
Hearing Officer's Signature

_____                    _____
Petitioner/ Obligee's Signature                                      Respondent/ Obligor's Signature

_____                    _____
Petitioner/ Obligee's Attorney's Signature                      Respondent/ Obligor's Attorney's Signature

The support obligation herein required under this order, or any portion of the obligation, which becomes due and remains unpaid for 30 days or more shall accrue simple interest at the rate of 9% per anum.

### FAILURE TO OBEY ANY OF THE PROVISIONS OF THIS ORDER MAY RESULT IN A FINDING OF CONTEMPT OF COURT.

October 28, 2014                                           Judge Jean M. Cocozza
_____           OCT 28 2014
Date                                                   Judge     Circuit Court - 2092    Judge's No.

Prepared by:

Atty. Code No.: 42030

Name: Berger Schatz

Atty. for: Petitioner

Address: 161 N. Clark Street, Suite 2800

City/State/Zip: Chicago, IL 60601

Telephone: 312-782-3456

10/28/14

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

(Rev. 12/21/13) CCDR 0107 F

PAGE 6 OF 6

Catherine Roock
_____
**Plaintiff/Petitioner**

v.

Henry Melton
_____
**Defendant/Respondent**

Case No. ▮▮▮▮▮

County: **Cook**

Date: **10/28/2014**

## CHILD SUPPORT DATA SHEET

| OBLIGOR INFORMATION | OBLIGEE INFORMATION |
|---|---|
| Last Name: Melton | Last Name: Roock |
| First Name: **Henry**   Middle In: | First Name: **Catherine**   Middle In: |
| Complete *Residential* Address: | Complete *Residential* Address:<br>Catherine Roock<br>2904 W. Belmont, Apt. 206<br>Chicago, IL 60618 |
| Complete Mailing Address (*If other than above*): | Complete Mailing Address (*If other than above*): |
| Year of Birth:  1986 | Year of Birth: ▮▮ |
| Driver's License No. (Last 4 digits): | Driver's License No. (Last 4 digits): |
| Home Phone Number: | Home Phone Number: ▮▮▮▮▮ |
| Employer(s) Name/Company:<br>**Dallas Cowboys Football Club, Ltd.** | Employer(s) Name/Company: |
| Employer(s) Address:<br>c/o CT Corporation System<br>1999 Bryan Street, Suite 900<br>Dallas, TX 75201-3136 | Employer(s) Address: |
| Employer(s) ID Number:  69 | Employer(s) ID Number: |
| Work Phone Number (    ) | Work Phone Number (    ) |

### CHILD/CHILDREN INFORMATION

| | INITIALS | YEAR OF BIRTH |
|---|---|---|
| 1. | P.C.M.R. | ▮ |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

(If more space is needed, attach an additional sheet.)

* If Obligor is not a US citizen, so indicate and provide the Obligor's alien registration number, passport number and home country's social security or national health number.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**EXHIBIT C**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - DOMESTIC RELATIONS DIVISION

CATHERINE ROOCK,                          )
                                          )
                    Petitioner,           )
                                          )
        -and-                             )
                                          )
H. MELTON,                                )
                                          )
                    Respondent.           )

## AGREED ORDER AND JUDGMENT

This matter coming on to be heard pursuant to CATHERINE ROOCK's Motion for Entry of Child Support Judgment and Memorandum of Judgment filed May 11, 2017, both parties appearing and represented by their respective attorneys, the parties in agreement, the Court being duly advised in the premises;

**THE PARTIES STIPULATE AS FOLLOWS:**

A. Per the Supplemental Custody Judgment entered October 28, 2014, the Respondent was ordered to pay to the Petitioner the amount of $25,108 per month for child support beginning November 1, 2014.

B. Between January 1, 2015 and May 1, 2017, a child support arrearage has accrued in the amount of $373,639.62.

C. The simple judgment interest which has accrued between January 1, 2015 and May 1, 2017 (at the rate of 9%) is $38,616.77.

**IT IS HEREBY ORDERED:**

Judgment is hereby entered against Henry Melton and in favor of Catherine Roock in the amount of $373,639.62.

SO AGREED:

_____          _____
HENRY MELTON                              CATHERINE ROOCK one of
                                          her attorneys

SO ORDERED:

Atty. No.: 42030                          ENTERED:    Judge Jean M. Cocozza
Name: Craig Mandell/Berger Schatz
Atty. for: Petitioner                                 AUG 18 2017
Address: 161 N. Clark Street, Ste 2800
City/State/Zip:  Chicago, IL 60601                    Circuit Court — 2092
Telephone: 312-782-2456                   _____